Gerald F. Richman
Richman Greer, P.A.
*Attorneys for Plaintiff*
One Clearlake Center, Suite 1504
250 Australian Avenue South
West Palm Beach, Florida   33401
Tel: (561) 803-3500
Fax: (561) 820-1608
Email: grichman@richmangreer.com

Stephen J. Schultz
Slovak Baron Empey Murphy & Pinkney LLP
*Attorneys for Plaintiff*
2240 Fifth Avenue
San Diego, CA 92101
(Tel.): 619.501.4540
Email: schultz@sbemp.com

Thomas G. Schultz
LSRCF Law, PLLC
*Attorneys for Plaintiff*
1111 Brickell Ave. #2200
Miami, FL 33131
Phone: 305.760.8544
Fax: 305.356.5720
Email: TSchultz@LSRCF.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JEAN EDNER LAMOUR, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., A DELAWARE CORPORATION,<br><br>Defendant. | Case No.:<br><br>COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT, AS AMENDED<br><br>JURY TRIAL DEMAND |

1
COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF FAIR LABOR
STANDARDS ACT, AS AMENDED AND JURY TRIAL DEMAND

I.  **INTRODUCTION**

1. This case is brought on behalf of Plaintiff Jean Edner Lamour and all similarly situated individuals who have worked as Uber Technologies, Inc. ("Uber") drivers nationwide. Uber is a car service that provides drivers who can be hailed and dispatched through a mobile phone application. As set forth below, Uber drivers must pay for the cost of their vehicles and all expenses related thereto, including insurance, fuel and many other costs and expenses.

2. Plaintiff brings this action on his own behalf, and on behalf of other similarly situated Uber drivers, for violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. sections 201-262.

II. **PARTIES**

3. Plaintiff Jean Edner Lamour is a resident of Miami, Florida, and began working for Uber in late 2013. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. 216(b), and his consent appears on pages 11 of this Complaint.

4. Plaintiff brings this action on his own behalf and on behalf of all other similarly situated, namely all other individuals who have worked as Uber Black, Uber SUV, or UberX drivers nationwide.

5. Defendant Uber is a corporation incorporated in the State of Delaware with its principal place of business located in San Francisco. At all relevant times,

Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. sections 206(a) and 207(a). In addition, at all relevant times, Defendant has had and continues to have yearly gross revenues in excess of $500,000.

## III. JURISDICTION AND VENUE

6.   This Court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. section 1331. In addition, this Court has jurisdiction over this action pursuant to 29 U.S.C. section 216(b).

7.   Venue is proper in this district pursuant to 28 U.S.C. section 1391 because Defendant maintains offices, has agents, transacts business, and is found in this district. Defendant also receives substantial compensation from such transactions and business activity in this judicial district.

## IV. STATEMENT OF FACTS

8.   Uber provides car service in cities throughout the United States via an on-demand dispatch system.

9.   Uber offers customers the ability to hail a car service driver on a mobile phone application.

10.   Uber's website has advertised that "Uber is your on-demand private driver."

11. Uber has classified its drivers as independent contractors. Uber insists that it is nothing more than a computer technology company that has developed an electronic application that is simply "a lead generation platform" for connecting Uber with rider customers. However, Uber drivers are employees within the meaning of the FLSA. They are required to follow detailed requirements imposed on them by Uber and they are graded or rated by riders, and are subject to termination, based on their failure to adhere to these requirements (such as rules regarding their conduct with customers, the cleanliness of their vehicles, their timeliness in picking up rider customers and taking them to their destinations, and what they are allowed to say to customers.)

12. In addition, Uber is in the business of providing vehicle service to rider customers, and that is the service that Uber drivers provide. The drivers' services are fully integrated into Uber's business and, without the drivers, Uber's business would not exist.

13. However, based on their misclassification as independent contractors, Uber drivers are required to bear many of the expenses of their employer, including expenses for their vehicles, gas, and other expenses.

14. Uber drivers do not need to possess special skills to perform their work.

15. Uber unilaterally determines drivers' compensation method of payment and specifications, and standards for their vehicles.

16. By these actions, Uber has "suffered or permitted" the drivers to work for Uber, thereby requiring that the drives be treated as employees under FLSA, 29 U.S.C. section 203(g).

## V. COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. sections 206, 207, and 216(b), Plaintiff brings this action as a collective action under the FLSA on behalf of the following:

> All persons who worked for Uber as UberX, Uber Black or Uber SUV drivers ("Collective Action Members") within the United States within the applicable statute(s) of limitations and through the entry of judgment in this case (the "Collective Action Period".)

18. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendant's illegal policies of failing to pay not less than minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required minimum wage and overtime premium payments for all hours worked in excess of forty (40) hours per week.

19. By failing to pay or reimburse the Plaintiff and Collective Action Members expenses for vehicles, gasoline, insurance and all other expenses, either actual expenses or those specified by the Internal Revenue Service, whichever is higher, Plaintiff and Collective Action Members have failed in many workweeks to be compensated minimum wage and overtime for all hours worked in excess of forty (40) hours in the workweek "free and clear" of driver expenses as required by 29 C.F.R. section 531.35, among other authorities.

20. Plaintiff and the Collective Action Members have the same job duties and are paid pursuant to the same corporate payment structure.

## VI. FIRST CAUSE OF ACTION, FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE (On Behalf of Plaintiff and Collective Action Members)

21. Plaintiff, on behalf of himself and the Collective Action Members, repeats and re-alleges each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

22. By failing to pay minimum wage for all hours worked, Defendant has violated and continues to violate the FLSA, 29 U.S.C. sections 206(a) and 215(a)(2).

23. The foregoing conduct, as alleged, constitutes willful violation of the FLSA within the meaning of 29 U.S.C. section 255(a).

24. Defendant's failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and Collective Action Members are entitled to recover from Defendant their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages in the amount equal to the unpaid wages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. section 216(b).

VII. **SECOND CAUSE OF ACTION, FAIR LABOR STANDARDS ACT – UNPAID OVERTIME (On behalf of Plaintiff and Collective Action Members)**

25. Plaintiff, on behalf of himself and the Collective Action Members, repeats and re-alleges each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

26. By failing to pay overtime at a rate not less than one and one-half (1 1/2) times the regular rate of pay for work performed in excess of forty (40) hours per workweek, Defendant has violated and continues to violate FLSA 29 U.S.C. sections 207(a)(1) and 215(a)(2).

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. section 255(a).

28. Defendant's failure to pay overtime caused Plaintiff and the Collective

Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendant their unpaid overtime premium compensation, damages for unreasonably delaying payment of wages, liquidated damages in the amount equal to the unpaid overtime wages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. section 216(b).

### PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Plaintiff and Collective Action Members and ordering the prompt issuance of notice pursuant to 29 US.C. section 216(b) to all similarly situated employees, apprising them of the pendency to this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. section 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Equitable tolling of the statute of limitations from the date of the filing of this Complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. section 216(b);

c.  An award of compensatory damages as a result of Defendant's failure to pay minimum wage and overtime compensation pursuant to the FLSA and the supporting regulations;

d.  An award of liquidated damages and/or punitive damages in the amount of the unpaid minimum and overtime wages as a result of Defendant's willful failure to pay minimum wage and overtime compensation pursuant to the FLSA and the supporting regulations;

e.  An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

f.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: 4/22/, 2016

RICHMAN GREER, P.A.
*Attorneys for Plaintiff*
One Clearlake Center, Suite 1504
250 Australian Avenue South
West Palm Beach, Florida  33401
Tel: (561) 803-3500
Fax: (561) 820-1608

By: _____
GERALD F. RICHMAN
grichman@richmangreer.com
Florida Bar No.: 066432
ADAM M. MYRON

amyron@richmangreer.com
Florida Bar No.: 0895121
JOSH L. SPOONT
jspoont@richmangreer.com
Florida Bar No.: 53263

and

Stephen J. Schultz
Slovak Baron Empey Murphy & Pinkney LLP
*Attorneys for Plaintiff*
2240 Fifth Avenue
San Diego, CA 92101
(Tel.): 619.501.4540
Email: schultz@sbemp.com

and

Thomas G. Schultz
LSRCF Law, PLLC
*Attorneys for Plaintiff*
1111 Brickell Ave. #2200
Miami, FL 33131
Phone: 305.760.8544
Fax: 305.356.5720
Email: TSchultz@LSRCF.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JEAN EDNER LAMOUR, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., A DELAWARE CORPORATION,<br><br>Defendant. | Case No.:<br><br>COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT, AS AMENDED<br><br>JURY TRIAL DEMAND |

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby consent to be a party plaintiff in the above-styled lawsuit for claims under the Fair Labor Standards Act. I also authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf. I declare, under the penalty of perjury, that the signature below is of the person named in this consent form.

_____
JEAN EDNER LAMOUR

Date: April 22, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JEAN EDNER LAMOUR, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., A DELAWARE CORPORATION,<br><br>Defendant. | Case No.:<br><br>COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT, AS AMENDED<br><br>JURY TRIAL DEMAND |

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby consent to be a party plaintiff in the above-styled lawsuit for claims under the Fair Labor Standards Act. I also authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf. I declare, under the penalty of perjury, that the signature below is of the person named in this consent form.

_____
JEAN EDNER LAMOUR

Date: April 22, 2016